UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:20-CV-23-REW

NELLIE TERRY, *et al.*,                                                                              PLAINTIFFS,

v.                                      **RECOMMENDED DISPOSITION**

PHELPS KY OPCO, LLC, d/b/a
GOOD SHEPHERD HEALTH
AND REHABILITATION, *et al.*,                                                                  DEFENDANTS.

\* \* \* \* \* \* \* \* \*

Phelps KY Opco, LLC, doing business as Good Shepherd Health and Rehabilitation ("Phelps"), removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on February 14, 2020. [R. 1]. However, due to this Court's concerns regarding the requirements of diversity jurisdiction under 28 U.S.C. 1332, Phelps was directed to show cause why the action should not be remanded for lack of subject matter jurisdiction. [R. 5, 22]. Both parties have addressed the issues in separate filings, and this matter is now fully ripe for review. [R. 26-27]. The Court now recommends that Phelps's removal be found as proper.

I.   FACTS AND PROCEDURAL HISTORY

This case involves allegations of negligence and long-term care malpractice that occurred in Pike County, Kentucky. [R. 1-1]. Plaintiffs' complaint alleges that Nellie Terry sustained physical injuries while she resided at the Good Shepherd Health and Rehabilitation facility. [R. 1-1 at ¶¶ 8-10]. With the deadline to file their answer approaching, Phelps filed a motion for a more definite statement on February 20, 2020. [R. 6]. On March 19, 2020, plaintiffs conceded that the

**1** of **13**

original complaint did not provide details to enable the defendants to answer, and they moved to amend their complaint. [R. 13]. Phelps did not object to plaintiffs' request to amend their complaint. [R. 19]. On March 25, 2020, the plaintiffs' amended complaint was docketed, and it clarified several allegations and named the following additional defendants: Presbyterian Home and Services of Kentucky, Inc. d/b/a and f/k/a Good Shepherd Community Nursing Center ("Presbyterian Home"); Plainview Group TN, LLC; and Jamie Sloane, as the Administrator of the Good Shepherd facility. [R. 21].

Following an additional review of the claims asserted in plaintiffs' amended complaint, this Court perceived two issues regarding its subject-matter jurisdiction as it relates to Phelps' removal: (1) whether complete diversity exists among the plaintiffs and the new defendants added in the amended complaint; and (2) whether the defendants could carry their burden of showing this matter exceed the value of $75,000. [R. 5, 22].

## II.    ANALYSIS

A court may raise the issue of subject-matter jurisdiction at any time *sua sponte*. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 97 S.Ct. 568, 571 (1977). A district court properly exercises jurisdiction over a removed action where it would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). "A defendant removing a case has the burden of proving the diversity jurisdiction requirement." *Rogers v. Walmart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

### 1. This Court has Subject Matter Jurisdiction:

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a case is removed to federal court on the basis of diversity jurisdiction, like here, the federal court will not have subject matter jurisdiction over the case unless there is

both complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *see also Medlen v. Estate of Meyers*, 273 Fed. App'x. 464, 469 (6th Cir. 2008).

First, considering the issue of whether the defendants carried their burden of meeting the amount in controversy, defendants must come forward with competent proof that shows the amount in controversy requirement is satisfied. *King v. Household Fin. Corp., II*, 593 F.Supp.2d 958, 959 (E.D. Ky. Jan. 16, 2009). Mere speculation is insufficient. *Id.* at 960 (holding that removal was improper when the defendant's rationale for the amount in controversy was predicated on "mere averments," not "competent proof" concerning the defendant's allegations that "the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees," clearly met the threshold).

Although the plaintiffs would not stipulate whether they were seeking less than $75,000 in damages, Phelps argues, and the plaintiffs do not refute, that plaintiffs conceded that they are seeking over $75,000 in their amended complaint by stating in their prayer of relief that the defendants are jointly and severely liable "in sums in excess of the jurisdictional amount of this Court." [R. 21 at p. 8; R. 26 at p. 4, 26-1, 26-2, 26-3]. Plaintiffs specifically state that they are entitled to recover compensatory damages for the injuries sustained while at Good Shepherd "in excess of the minimum jurisdictional limit of this Court" including punitive damages and attorneys' fees. [R. 21 at ¶¶ 25-27]. Unlike the defendants' previous argument, which was predicated on the plaintiffs' averment that it met the amount in controversy to be in Pike Circuit Court,[1] the plaintiffs now declare that they are seeking damages in excess of the jurisdictional

---

1 KRS § 23A.010 provides that Kentucky circuit courts of general jurisdiction, having "original

amount in federal court pursuant to 28 U.S.C. § 1332(a). [R. 26 at p. 4].

As further competent proof, the defendants also attached a review of Kentucky jury verdicts concerning similar cases where the average verdict exceeds the $75,000 jurisdictional threshold. [R. 26-4]. Thus, the defendants argue that this evidence constitutes independent adequate proof to meet the threshold. [R. 26 at p. 3]. Plaintiffs' reply addressed the issue of amount in controversy only as proof to show that it is unclear whether this Court thinks subject matter jurisdiction exists. [R. 27 at p. 4 n. 2]. "[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). Therefore, considering the evidence together, this Court finds by a preponderance of the evidence that the defendants met their burden of presenting competent, non-speculative, evidence that the amount in controversy exceeds $75,000.

Second, to the issue of complete diversity between the plaintiffs and defendants following the amended complaint, the defendants must show that each member's domicile is different from the plaintiff's domicile in West Virginia. *See Homfeld II, LLC v. Comair Holdings, Inc.*, 53 Fed.Appx. 731, 732 (6th Cir. 2002) ("a limited liability company is not treated as a corporation and has the citizenship of its members"). According to the defendants, both Phelps and Plainview have the same three members, and they all reside in New York. [R. 26 at p. 5]. To the remaining defendants, they state that Jamie Sloan and Presbyterian Home,[2] are domiciled in Kentucky.

---

jurisdiction of all justiciable causes not exclusively vested in some other court." Kentucky district courts have exclusive jurisdiction over civil cases in which the amount in controversy does not exceed $5,000. KRS §§ 23A.010 and 24A.120.

2 Unlike the LLC defendants, Presbyterian Home is a corporation with its principle place of business and place of incorporation in Kentucky. Therefore, its domicile is Kentucky. *See* 28

Therefore, since none of the defendants reside in West Virginia, like the plaintiffs, there is complete diversity among the parties.

In sum, the defendants have met their burden of showing that the amount in controversy exceeds $75,000 by showing that the plaintiffs conceded this point in their amended complaint and through their independent proof concerning similar jury verdicts. The defendants also show that there is complete diversity between the new defendants and the plaintiffs. Therefore, it is recommended that this Court has subject-matter jurisdiction pursuant to the statutory requirements set forth in 28 U.S.C. § 1332.

**2. The Forum Defendant Rule is Inapplicable:**

The final issue looks at a statutory limit that can arise even if complete diversity exists. According to what has become known as the forum-defendant rule, "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The issue presented in this case asks whether the forum-defendant rule can supersede an otherwise proper removal when the plaintiff files an amended complaint in federal court. In other words, can removal become improper through an amended complaint? To answer this, we must examine the statute's text considering context, structure, and related statutory provisions, using ordinary principles of statutory construction.

The defendants argue that the forum defendant rule does not apply because the Kentucky defendants were not properly served and joined as parties to the case when Phelps removed this action to federal court. [R. 26 at p. 5-6]. Although the plaintiffs do not contest that the Kentucky

---

U.S.C. § 1332(c)(1).

defendants were not properly joined and served when Phelps filed its notice of removal, they argue that the amended complaint retroactively applies to now allow them to assert the forum-defendant rule as a means of requiring remand back to Pike Circuit Court. [R. 27].

First, plaintiffs argue that "the forum-defendant rule would divest this Court of subject-matter jurisdiction and must be remanded." [R. 27 at p. 5]. This argument is unpersuasive because the parties agree that "the forum defendant provision is a procedural removal requirement." *RFF Family P'ship, LP v. Wasserman*, 316 F. App'x 410, 411 (6th Cir. 2009) (citations omitted); *see also Hackworth v. Guyan Heavy Equip., Inc.*, 613 F.Supp.2d 908, 912 (E.D. Ky. 2009) ("the removal of a case in violation of § 1441(b) constitutes a procedural defect because § 1441(b) renders such removals improper, but it does not remove from federal courts all authority to exercise diversity jurisdiction over the class of cases involving forum defendants").

This conclusion is not exclusive to the Sixth Circuit, as the Ninth Circuit recognized that all Circuit Courts of Appeals treat the forum defendant rule as a procedural issue, not a jurisdictional issue. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n. 2 (2d Cir. 2000) (describing a violation of the forum defendant rule as a waivable defect"); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule "is more a matter of removal procedure, and hence waivable, than a matter of jurisdiction"); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n. 3 (3d Cir. 1999) (describing a § 1441(b) violation as a waivable and removable defect); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n. 4 (11th Cir. 1998) (same); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (same); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987) (holding that a violation of the forum

defendant rule did not strip the district court of its jurisdiction it was a "technical" defect that had been waived); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970) (describing a § 1441(b) violation a waivable defect in removal proceedings); *but see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 n. 1 (8th Cir. 1992) (holding that a violation of § 1441(b) is a non-waivable jurisdictional defect). Therefore, the forum-defendant rule does not disrupt its finding that it has subject-matter jurisdiction to hear this case.

Second, the plaintiffs also argue that remand is proper because the spirit of the forum-defendant rule would fail otherwise. [R. 27 at p. 2-3]. As grounds for this conclusion, the plaintiffs contend that while the Kentucky defendants were not properly served and joined when Phelps removed this action, their unopposed amended complaint superseded their original complaint "for all purposes." [R. 27 at p. 2]. To reach this result, plaintiffs argue broadly that since an amended complaint supersedes the original complaint, the court must remand under Section 1441(b)(2) if the plaintiffs move for remand under the forum-defendant rule. [*Id.*]

The plaintiffs cite *Calhoun v. Bergh*, 769 F.3d 409 (6th Cir. 2014), for the proposition that an amended complaint supersedes the original complaint for any purpose whatsoever. [*Id.*] In *Calhoun*, the Sixth Circuit considered an amended complaint as it relates to a habeas petition pursuant to 28 U.S.C. § 2254. *Calhoun*, 769 F.3d at 409. The Sixth Circuit stated that the amended complaint supersedes earlier complaints for all purposes "in civil cases generally." *Id.* 410-11 (citing *In re Refrigerant Compressors Antitrust Litigation*, 731 586, 589 (6th Cir. 2013); *Pacific Bell Telephone Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n. 4 (2009)).

Plaintiffs then cite *Downing v. Cessna Aircraft Company, et. al.*, an unpublished case, to show that a federal district court in Kansas has considered the same issue concerning how an

amended complaint applies to the forum defendant rule. [R. 27 at p. 3]. In *Downing*, the plaintiffs filed their lawsuit in Kansas state court, but it was subsequently removed by a defendant on the basis of diversity jurisdiction. *Downing v. Cessna Aircraft Company, et. al.*, Case No. 17-2469, at 2 (D. Kan. Jan. 25, 2018). Once in federal court, the plaintiff filed an amended complaint, naming only Cessna Aircraft Company and "John Doe" defendants, neither of which appear to have been named prior. *Id.* Following their amended complaint, the plaintiffs moved to remand the matter to state court, relying on the forum defendant rule. The District Court agreed with the plaintiffs and held that while removal was proper pursuant to 28 U.S.C. § 1332(a), Cessna Aircraft is a Kansas company and remand is required under the forum-defendant rule. *Id.* The District Court considered a similar argument that the forum defendant rule should not apply because removal was proper at the time the defendant filed. *Id.* Disagreeing with the defendants, the District Court stated that this argument is contrary to the interpretation of the statutory language because the joined and severed language is "included to prevent plaintiffs from foreclosing a defendant's ability to remove an action by naming a local defendant whom the plaintiff has no intention of serving or proceeding against." *Id.* It also stated that it is not authorized to ignore the citizenship of unserved defendants in determining diversity jurisdiction. *Id.*

Plaintiffs' authority is neither binding, nor persuasive. Courts are obligated to give effect, if possible, to every word used by the legislature, including every provision of that statute. *See Holy Trinity Church v. United States*, 143, U.S. 457, 459 (1892) (applying the whole act rule methodology to statutory interpretation, stating "[t]his is not the substitution of the will of the judge for that of the legislator; for frequently words of general meaning are used in a statute, words broad enough to include an act in question, and yet a consideration of the *whole legislation*, or of

**8** of **13**

the circumstances surrounding its enactment, or of the absurd result which follow from giving such broad meaning to the words, makes it unreasonable to believe that the legislature intended such the particular act"); *Reiter v, Sonotone Corp.*, 442 U.S. 330, 339 (1979). Accordingly, this requires courts to not only look at the subsection of the statute, but they must also consider the whole statute itself in order construe the terms to a permissible meaning that fits both logically and competently into the law. *Id.*

To the interpretation of the forum-defendant rule, a plain reading of the 28 U.S.C. § 1441 as a whole shows that this case does not fail under the forum defendant rule. Subsection (a) unequivocally allows defendants to remove an action from state court to federal court as long as the federal court would have had original jurisdiction had the plaintiff brought it there. 28 U.S.C. § 1441(a). Section 1441(b) then shows that this section is a limitation on removal jurisdiction, rather than a mechanism for expanding diversity jurisdiction. *Wensil v. E.l. Dupont De Nemours and Co.*, 792 F.Supp.447, 448 (D.S.C. May 29, 1992). In subsection (b)(1), the removing defendant is directed to disregard the citizenship of fictitious names when an action is removed under Section 1332(a). 28 U.S.C. § 1441(b)(1). Finally, when the civil action is being removed and one of the defendants is domiciled in that same state, the plaintiffs are given the option to request remand. 28 U.S.C. § 1441(b)(2).

Congress chose the phrase "properly joined and served" and this Court should not adopt an interpretation that renders this language superfluous or create an absurd result. In this case, the forum-defendant rule's policy would not be destroyed by keeping this matter in federal court. Although a plaintiff is "the master of the claim," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), defendants also have a statutory right to remove the case from state to federal court. *See*

28 U.S.C. § 1441(a). At the time Phelps removed, it was the only named defendant with no indication of who the other defendants were. The plaintiffs do not argue that the defendants made a snap decision to remove to federal court as a means of gamesmanship before the other defendants are served with process. *See Padgett v. Medtronic, Inc.*, 41 F.Supp.3d 582, 587 (W.D. Ky. Aug. 22, 2014) (cautioning against gamesmanship tactics by defendant who "attempt to use the forum defendant rule to their advantage by monitoring the state court docket and quickly removing an otherwise non-removable action before service can be accomplished"); *see also Ethington v. General Elec. Co.*, 575 F.Supp.2d 855 (N.D. Ohio Aug. 13, 2008); *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067 (E.D. Pa. May 30, 2008). Instead, Phelps timely removed the case within the thirty days it was permitted. Only after the defendants moved for a more definite statement did the plaintiffs admit they needed to amend their complaint to provide sufficient facts for Phelps to answer. At that point, the plaintiffs added several new defendants, including two Kentucky defendants.

Although plaintiffs are correct that the parties are not disputing that the claims added were not in bad faith to cause a remand, it is the timing that matters when interpreting the forum defendant rule. When Phelps removed, the forum-defendant rule was not at issue because the plaintiffs had failed to properly join and serve the Kentucky defendants. The Sixth Circuit has recognized that "the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (citations omitted). The forum defendant rule "is designed to prevent a forum resident defendant from removing to federal court, because doing so would run counter to the rationale of removal." *United Steel Supply, LLC v. Buller*, 2013 WL 3790913, at *1 (W.D. Ky. Jul. 19, 2013). Phelps is

not a forum defendant and it should not be penalized for disregarding the fictitious name of the unnamed defendants in the original complaint.

This Court's finding that the timing of removal is the threshold similarly applies to actions where a defendant removes an action to federal court before other defendants are joined in the action, which would have required the defendant to secure their consent before removing the action. *See* 28 U.S.C. § 1446(b)(2)(A) (stating "all defendants who have been properly joined and served must join in or consent to the removal of the action"); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999) ("The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal[] or file a written consent to the removal").

Taking plaintiffs' argument that the amended complaint supersedes the original complaint for *all purposes* to its logical conclusion, defendants would also be in violation of Section 1446(b)(2)(A) because the removing defendant did not get consent from the unserved defendants at the time it removed. Like Section 1441(b)(2), Section 1446(b)(2)(a) uses the words "properly joined and served" as the threshold to determine when the defendant must get consent before removal of an action. If plaintiffs' argument is correct, then Phelps' removal would also be improper because it did not secure the consent of defendants it did not know at the time of removal.

More concerning is the practicalities that would occur if plaintiffs were correct. Generally, district courts give parties time in their scheduling order to add parties or amend pleadings. Assuming the plaintiffs are right with their reading of Section 1441(b)(2), if a defendant properly removed a case and then a plaintiff properly added parties months later, then the plaintiff could

then move to remand the case back to state court. In other words, this reading would create an absurd result. To prevent this absurd result, Congress included Section 1441(b)(1) to tell defendants that when it is removing a case under diversity jurisdiction, it must disregard "the citizenship of defendants sued under fictitious names." Therefore, the forum-defendant rule should not apply under circumstances where the defendant otherwise properly removes before the plaintiff moves to amend their complaint in federal court.

In sum, Section 1441(b)'s limitation on removal only applies as a limitation on the defendant at the time he or she actually removes the case. *Wensil*, 792 F.Supp. at 448. This means the forum defendant rule is a separate requirement, that can be waived by the plaintiff, to be considered at the time the defendant removes to federal court. Thus, while an amended complaint supersedes the original complaint for all purposes once in federal court, it does not retroactively apply to prevent a non-forum defendant from removing the case after it was removed to federal court. Therefore, the undersigned recommends that remand is not the proper remedy under the circumstances.

### III.     RECOMMENDATION

Therefore, having reviewed the record and being advised,

IT IS RECOMMENDED that this case remain in federal court as properly removed.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. FED. R. CIV. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A

general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not sufficient to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. FED. R. CIV. P. 72(b)(2).

Signed April 20, 2020.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge