UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| NELLIE TERRY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 7:20-CV-23-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| PHELPS KY OPCO, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Phelps KY Opco LLC, removed this case in February 2020. DE 1 (Notice of Removal). Judge Atkins directed briefing regarding jurisdictional diversity-of-citizenship and amount-in-controversy requisites. *See* DE 5; DE 22. Upon full briefing, Judge Atkins found no jurisdictional defect and recommended that the Court retain the action. DE 34 (R&R). No party objected within the DE 34-alloted fourteen-day period. *See id.* at 12–13.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Civ. P. 72(b)(3) (limiting *de novo* review duty to "any part of the" disposition "properly objected to"); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made"). "The law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits the right to appeal its adoption. *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *see also United States v. White,* 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific

1

objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."). Still, upon review of the full record and pertinent authority, the Court notes its independent agreement with Judge Atkins's analysis and conclusion.[1] The Court always must assess and have confidence in its jurisdiction to decide a case.

Accordingly, the Court **ADOPTS** DE 34 and retains the case federally, properly exercising diversity jurisdiction under the circumstances.

This the 13th day of May, 2020.

Signed By:
Robert E. Wier
United States District Judge

---

[1] Concerning the sole remand basis Plaintiffs urge (DE 27), the so-called "forum defendant rule," by its terms, forecloses removal only when a party "properly joined and served as" a defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Jurisdictional propriety, in a diversity case, is assessed "as of the time of removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *see Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 910 (6th Cir. 2018) (The remand "inquiry is limited to determining whether the case was properly removed to federal court in the first place." (internal quotation marks omitted)). Plaintiffs do not, and could not, allege that any Kentucky citizen was "properly joined and served" as a defendant when this matter was removed. *See* DE 27 at 2. As Judge Atkins aptly reasoned, the § 1441(b) removal restriction "only applies as a limitation on the defendant at the time" of removal. DE 34 at 12; *cf. Rogers*, 230 F.3d at 872 ("'[B]ecause jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective [to oust jurisdiction] than a post-removal amendment of the complaint.'" (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). And, as Judge Atkins correctly concluded, Plaintiffs post-removal addition of in-state Defendants, via amended complaint (DE 21), casts no doubt on removal validity or this Court's jurisdiction.